# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JIMMIE FRANCISCO,<br><br>Defendant. | No. CR 05-00521-TUC-RCC [CRP]<br><br>REPORT AND RECOMMENDATION |

Defendant came before this Court for a change of plea colloquy pursuant to a written plea agreement. During the colloquy, the Defendant denied a critical element of the offense, and then made a fantastic factual assertion. The Defendant entered a plea of guilty and also stated he would agree to enter a no contest plea. For the reasons stated below, the Court recommends that the plea not be accepted.

On February 16, 2005, Francisco was stopped by Border Patrol agents shortly after driving a 1979 Ford pickup truck from Mexico into the United States through the San Miguel Gate on the Tohono O'odham Indian Nation. A consent search of the truck uncovered four hundred and seventy one pounds of cocaine hidden within the side panels of the truck. Defendant was arrested and charged with possession with intent to distribute cocaine. On March 16, 2005, an indictment was issued charging Francisco with two counts, importation and possession with intent to distribute 213 kilograms of cocaine.

On April 21, 2005, Defense counsel filed a Motion To Determine Competency of Defendant [Dkt 9]. Mr. Bates reported that Francisco was being treated at CCA for depression, anxiety attacks and seizures, and that he had previously received mental health

treatment at the Federal Medical Center in Rochester, Minnesota. At a hearing on May 6, 2005, the Court ordered that Francisco be evaluated by a local mental health provider. The Court also ordered Francisco to sign a medical release to be delivered to the prosecutor so that the medical records from FMC-Rochester could be recovered.

On July 28, 2005, the Court determined Francisco incompetent to stand trial and ordered his commitment to the custody of the Attorney General for one hundred twenty days for treatment to restore competency [Dkt 18]. Defendant was transferred to the Federal Medical Center in Butner, North Carolina, for treatment.

On December 19, 2005, Dr. Weaver and Dr. Lucking issued a Forensic Evaluation of Defendant. The staff at FMC-Butner had the Forensic Psychological Report of Sergio I. Martinez, Ph.D., dated June 30, 2005, and the Psychiatric Evaluation by Dr. Daniel J. Shine, Jr., from FMC-Rochester, dated July 25, 2002. Defendant had a difficult stay at FMC-Butner. Defendant was non-compliant with anti-depressant medication. Eventually, he was treated with lamotrigine for complaints of mood instability. Defendant was determined to have borderline intellectual functioning. The primary diagnosis was Personality Disorder Not Otherwise Specified. Dr. Weaver and Dr. Lucking concluded that Mr. Francisco was competent to stand trial.

Francisco was transferred back to CCA-Florence. An evidentiary hearing to determine competence was scheduled. Defense counsel arranged for Francisco to be re-examined by Dr. Martinez in preparation for the evidentiary hearing.

Dr. Martinez was unable to complete the examination on March 3, 2006, because "Mr. Francisco became increasingly frustrated, angry, and upset, while indicating he did not wish to participate in the evaluation." Because of the incomplete examination, Dr. Martinez could not make a definitive conclusion concerning competency. Dr. Martinez did observe that based on the restorative treatment Francisco received at FMC-Butner, that:

> "...Mr. Francisco is no longer considered to be suffering from significant symptoms of depression that would interfere in his capacity to participate in the legal proceedings. He is considered, however, to continue to exhibit a self-defeating attitude along with the above-noted personality traits that could

> undermine his level of participation in his legal proceedings and in his ability to relate with his attorney in a factual and rational manner."

Letter from Dr. Martinez to U.S. Magistrate Judge Pyle, March 7, 2006, p.3.

At that time, an evidentiary hearing was set for March 22, 2006, to determine Francisco's competency to stand trial. After receiving Dr. Martinez' March 7, 2006, letter describing the aborted mental examination of Defendant, counsel for Defendant conceded that Francisco was competent to stand trial and that the evidentiary hearing was unnecessary [Dkt 33]. The Court determined Francisco was competent to stand trial and vacated the evidentiary hearing. *Id.*

On March 27, 2006, Defendant attempted to enter a plea of guilty pursuant to a written plea agreement [Dkt 34]. Defendant would not admit knowledge of the drugs in the truck he was driving when he was stopped and arrested. The Court refused to accept the plea of guilty because of the lack of a factual basis to support the plea. *Id.*

On MaY 15, 2006, Defendant again attempted to enter a plea of guilty pursuant to the same plea agreement [Dkt 35]. According to Defense counsel, without the plea agreement, Francisco is looking at a Guideline sentencing range of thirty years to life imprisonment. Under the plea agreement, he faces a twenty to twenty-five year Guideline sentencing range.

At the beginning of the hearing, Defense counsel advised the Court he had previously reviewed the plea agreement with Francisco. However, just that morning, Mr. Bates was informed by his client that he had been held for the past eight days in segregated confinement on suicide watch. Francisco confirmed this information to the Court, explaining he had swallowed three razor blades in a suicide attempt. The Court questioned Francisco in some detail concerning his competence, but eventually determined to proceed.

At several points during the plea colloquy, the Court, explaining the rights being abrogated and other consequences of the plea to Defendant, had to use more care and proceed at a slower pace than was usual. While questioning Francisco about the facts supporting the indictment, he once again refused to admit knowledge of the two hundred and thirteen kilograms of cocaine hidden in the truck. Defendant admitted driving the truck from Mexico

1 into the United States, and knew he was to leave the truck for others to pick up. When asked
2 if he was to be paid for doing so, Francisco responded that he was to be paid one million and
3 ninety thousand dollars.

### *NOLO CONTENDRE* PLEA

5 The Court has the discretion to accept a plea of *nolo contendre*.

> Before accepting a plea of *nolo contendre*, the court must consider the parties' views and the public interest in the effective administration of justice.

Rule 11(a)(3), FED.R.CRIM.P. Whether the Government objects to the plea is an important factor for the Court to consider. *United States v. Bearden*, 274 F.3d 1031, 1036 (6th Cir. 2001). Since the prosecutor suggested the no contest plea in this case, the Court assumes the Government does not object to the plea.

Francisco has good reason to agree to the no contest plea. The Government has a strong case against him and the plea agreement offers a significant reduction in the sentencing range. Therefore, the Court could appropriately exercise its discretion to accept a no contest plea in the circumstances of this case. In particular, Defendant's lengthy and troubled history of mental health problems may explain his inability to admit his criminal conduct. *United States v. Bagliore*, 182 F.Supp. 714, 716 (E.D.N.Y. 1960).

Because the Court has doubts about Defendant's competence to proceed at this time, the issue of whether to accept a *nolo contendre* plea will not be resolved at this time. If Defendant is determined competent to enter a plea, then a new hearing under Rule 11 will be required. At that time, Defendant must clearly state whether he is pleading guilty or *nolo contendre*. If the Defendant asks the Court for permission to plead *nolo contendre*, the Government must indicate whether or not it objects to the Court allowing that plea, and whether the objection is based on a blanket national policy or individual consideration of this case.

### COMPETENCE TO STAND TRIAL

The evidentiary hearing in this case was vacated, principally due to Defendant's refusal to participate in the forensic re-evaluation by Dr. Martinez. Dr. Martinez' concern

has been that while Defendant is factually competent, his depression may prevent him from being able to rationally assist counsel. Apparently, Francisco had a severe depressive episode in the week prior to the change of plea hearing, including a suicide attempt. Moreover, Defendant's response about how much he was to be paid to drive the truck was not rational. Therefore, an evidentiary hearing is required to determine the competence of the Defendant to proceed at this time.

The Court will set an evidentiary hearing for **THURSDAY, JULY 6, 2006, AT 1:30 P.M.** The witnesses previously disclosed may be called. Additional witnesses may be disclosed at any time prior to June 30, 2006. A status conference concerning the evidentiary hearing is scheduled for **MONDAY, JUNE 19, 2006, AT 1:30 P.M.**

Concerning Defendant's plea of guilty, at this time, the Court recommends that the District Judge not accept the plea of guilty because of a lack of factual basis and concerns about the competency of the Defendant.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the parties have ten (10) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed as CR 05-00521-TUC-RCC.

DATED this 26th day of May, 2006.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE